FILED
IN OPEN COURT
DEC - 2 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:16cr127** |
| | ) | |
| **DERRICK LAWRENCE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count Six of the indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. From February 27, 2016, to March 3, 2016, while working in an undercover capacity, a Master Police Detective with the Newport News Police Department (the detective) accessed the Internet and connected to a peer-to-peer (P2P) network using a law enforcement client program. This program is used to monitor the trafficking of child pornography occurring over P2P networks. The detective focused the investigation on a device at IP address 75.140.218.141, because it was associated with sharing files previously identified as containing visual depictions of minors engaging in sexually explicit conduct (SEC).

2. The detective downloaded nine (9) files of suspected visual depictions of minors engaging in SEC from the device at IP address 75.140.218.141. She viewed the files and found them to contain visual depictions of minors engaging in SEC.

3. On March 18, 2016, the detective served an administrative subpoena on Charter Communications for information related to IP Address 75.140.218.141. Charter Communications

QV
S
SK



identified the customer assigned the IP address at the relevant time period as DERRICK LAWRENCE at his address in Franklin, Virginia. The records further indicated that the account has been active since February 25, 2016.

4.   Franklin, Virginia, is within the Eastern District of Virginia.

5.   On June 23, 2016, law enforcement executed a search warrant at the residence of LAWRENCE in Franklin. Pursuant to the search warrant, law enforcement seized computers and computer media belonging to LAWRENCE.

6.   At the same time as the search warrant, LAWRENCE was interviewed by law enforcement. After being administered warnings pursuant to *Miranda*, LAWRENCE admitted to searching for and receiving images of minors engaging in SEC on the Internet and to using P2P software.

7.   Subsequent to the search warrant, a computer forensic analysis was performed on LAWRENCE's computers and other electronic media. This analysis revealed the presence of numerous images and videos depicting images of minors engaging in SEC. These included images that contain visual depictions of prepubescent minors and at least one file that contained sadistic or masochistic conduct.

8.   The investigation and evidence reveal that on or about June 23, 2016, in Franklin, in the Eastern District of Virginia, defendant DERRICK LAWRENCE did knowingly possess one or more matters, that is, a Toshiba micro SD memory card, which was manufactured outside of the Commonwealth of Virginia, which contained visual depictions that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed, and so shipped and transported, by any means including by computer, and the production of

such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in SEC, and such visual depictions are of such conduct.

9. An example of the visual depictions on the SD memory card is that of a video that is approximately 3 minutes and 45 seconds long. It features a prepubescent male wearing only a T-shirt, lying down on a bed and masturbating.

10. LAWRENCE knew that the latter visual depiction and other images contained on his computer and computer media were images depicting actual minors engaged SEC.

11. The Internet is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

12. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney

*U.S. v. DERRICK LAWRENCE*, 2:16cr127

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, DERRICK LAWRENCE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
DERRICK LAWRENCE

I am DERRICK LAWRENCE's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Suzanne V. Suher Katchmar, Esq.
Counsel for Defendant

4